IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**LAQUINTA PARTEE,**

    **Plaintiff,**

vs.                                                                                                         No.: 2:24-cv-2529-MSN-cgc

**STEPHERSON, INC. d/b/a SUPERLO FOODS, et al,**

    **Defendants.**

---

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
REPORT AND RECOMMENDATION

---

On July 25, 2024, plaintiff Laquinta Partee filed a *pro se* complaint and a motion to proceed *in forma pauperis.* (D.E. # 1 & 3.) On July 26, 2024, Plaintiff filed an amended complaint. (D.E. # 8) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1].

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400," 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in*

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

*forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that she is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED. The Clerk shall record the defendants as Stepherson, Inc. d/b/a SuperLo Foods, LaTanya Owens, JR Stepherson, Lola Rodgers, Jeremy LNU, Michelle LNU, Angela Myers and Ray Torry.

Plaintiff alleges that on February 13, 2024 she was sexually harassed by a coworker. Plaintiff reported the unwanted attention to defendant LaTanya Owens, a general manager of defendant Stepherson's Inc. d/b/a SuperLo Foods ("SuperLo") on February 16, 2024. On February 17, 2024, plaintiff was reassigned from working at the registers to the back of the store in stocking as punishment for making the sexual harassment complaint. On March 27, 2024, Plaintiff was told by JR Stepherson, a SuperLo.human resources employee, that she was being transferred and that it was not up for debate. Plaintiff makes several other allegations unrelated to her employment such as individuals following her, airplanes and helicopters sitting over her house, lights flickering and static on telephone calls. Plaintiff attached a copy of her Right to Sue notice dated May 3, 2024 to the amended complaint. (D.E. # 8, PageID 89)

Plaintiff alleges violations of the Tennessee right to remedy clause, the Tennessee Human Rights Act, the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981a, 42 U.S.C.

§ 2000e-2 (Title VII), Tenn. Code Ann. § 28-3-103, Tenn. Code Ann. § 28-3-104, 29 C.F.R. § 1604.11, Article 1, Section 17 of the Tennessee Constitution, and the First Amendment of the United States Constitution. She seeks as relief compensatory damages for loss of employment and back pay, punitive damages and injunctive relief.

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some

factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District

judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

It is RECOMMENDED that Plaintiff's employment discrimination claims under Title VII and the ADEA against SuperLo Foods only proceed and that the Clerk issue process for that defendant[2] and deliver that process to the U.S. Marshal for service.

It is RECOMMENDED that Plaintiff's remaining claims be DISMISSED WITH PREJUDICE for failure to state a claim for which relief can be granted. Tennessee Code Annotated sections 28-3-103 and 28-3-104 are statutes which set out statutes of limitation for slander and other tort actions. There is no cause of action created by those statutes. Code of Federal Regulations section 1604.11 is a regulation setting forth guidelines on discrimination because of sex. There is no cause of action created by this regulation. Article I, section 17 of the Constitution of the State of Tennessee provides that

> "all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice

---

[2] The Tennessee Secretary of State Business Entity search shows the registered agent for SuperLo Foods as James R. Stepherson 5150 American Way Memphis, TN 38115.

administered without sale, denial, or delay. Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."

The first clause of the section addresses access to the courts and Plaintiff's complaint does not state any facts to support an allegation that she has been denied such access. The second clause concerns sovereign immunity for the State of Tennessee. This clause is not applicable as the State is not a party to this case. Plaintiff claims that she was "stopped from recording and then documenting after [she] stopped video recording" in violation of the First Amendment of the United States Constitution. (D.E. # 8, PageID 52) In order to sustain a claim under 42 U.S.C. § 1983, [3] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." <u>West v. Atkins</u>, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988) Plaintiff does not specify who stopped her from recording or how that person was acting under color of state law.

---

[3] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Signed this 31st day of July, 2024

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**