IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LAQUINTA PARTEE,

    Plaintiff,

v.

STEPHERSON, INC.
d/b/a SUPERLO FOODS, et al,

    Defendants.

Case No. 2:24-cv-02529-MSN-cgc

---

### ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 10, "Report"), entered on July 31, 2024. The Report recommends that Plaintiff's employment discrimination claims under Title VII and the Age Discrimination in Employment Act ("ADEA" against Defendant Stepherson, Inc. d/b/a SuperLo Foods ("SuperLo Foods") proceed, while Plaintiff's remaining claims be dismissed under 28 § U.S.C. 1915(e)(2)(B). On August 9, 2024, Plaintiff filed an objection to the Report. (ECF No. 11.)

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the

evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION AND CONCLUSION**

Plaintiff's objections fail to meet the legal standard for challenging the Magistrate Judge's Report and Recommendation. In this case, Plaintiff's objections do not provide specific legal or factual errors with the Magistrate Judge's rulings. Instead, Plaintiff reiterates her broad claims

without addressing the legal deficiencies identified in the Report. However, to ensure a complete review of the record, the Court construes them as objections to the Magistrate Judge's Report to the extent they address the findings.

In her objections, Plaintiff asserts that "[t]his is not a case about 1983 claims. This is a case of sexual harassment, sex discrimination, retaliation, [and] RICO civil matter, if not 1983." (ECF No. 11 at PageID 110.) Plaintiff further contends that she faces "many adverse actions," including being removed from her work area after reporting sexual harassment and being "ridiculed and discriminated" against to deter further reporting. (*Id.*) These objections, while noted, do not address the Report's legal analysis regarding Plaintiff's claims that fall outside her employment discrimination allegations.

The Magistrate Judge correctly recommended that Plaintiff's Title VII and ADEA claims against Defendant SuperLo Foods proceed. (ECF No. 10 at PageID 107.) This Court concurs with that recommendation. And Plaintiff will have the opportunity to pursue these claims.

However, Plaintiff's remaining claims, many of which allege interactions with government entities and individuals unrelated to her employment, were correctly found by the Magistrate Judge to lack a sufficient legal basis. For example, Plaintiff's assertions about surveillance by airplanes, helicopters, and interference with her phone calls were not supported by sufficient allegations to survive screening. (ECF No. 10 at PageID 104, 107.) The Magistrate Judge's recommendation to dismiss these claims is well-founded, and the Court agrees.

Additionally, Plaintiff requests reconsideration of her claims against the City of Memphis. (ECF No. 11 at PageID 110.) However, the Magistrate Judge correctly found that the claims lacked the necessary factual support. As the Report noted, Plaintiff did not specify who stopped her from recording or how that person acted under color of state law, a requirement under 42

U.S.C. § 1983.  (ECF No. 10 at Page ID 108.)  Plaintiff's own objection acknowledges that "[t]his is not a case about 1983 claims" (ECF No. 11 at Page ID 110), which further supports dismissal of these claims.  The Court agrees with the Magistrate Judge's recommendation to dismiss these claims.

Accordingly, Plaintiff's objections are **OVERRUELD**.  The Court **ADOPTS** the Report and Recommendation in its entirety.  Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  Plaintiff's employment discrimination claims under Title VII and the ADEA against Defendant Stephenson, Inc. d/b/a SuperLo Foods shall proceed.  Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk is **DIRECTED** to issue process for Defendant Stepherson, Inc. d/b/a SuperLo Foods and deliver said process, along with a copy of the Complaint, the Report and Recommendation, and this Order, to the U.S. Marshal for service in accordance with Fed. R. Civ. P. 4(h).[1]  All costs of service shall be advanced by the United States.

**IT IS SO ORDERED**, this 23rd day of October, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[1] The Tennessee Secretary of State Business Entity search shows the registered agent for SuperLo Foods as James R. Stepherson 5150 American Way Memphis, TN 38115.